1  DAWN SESTITO (S.B. #214011)
   dsestito@omm.com
2  CATALINA VERGARA (S.B. #223775)
   cvergara@omm.com
3  NOAH ICKOWITZ (S.B. #318803)
   nickowitz@omm.com
4  O'MELVENY & MYERS LLP
   400 South Hope Street
5  18th Floor
   Los Angeles, California 90071-2899
6  Telephone:  +1 213 430 6000
   Facsimile:  +1 213 430 6407
7
   Attorneys for Defendants
8  TRADER JOE'S COMPANY, THE
   BOARD OF DIRECTORS OF TRADER
9  JOE'S COMPANY, and THE
   INVESTMENT COMMITTEE
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RICHARD A. KONG, ROBERT A. CRUZALEGUI, MATTHEW W. HEIDEN, and CASHAY L. CLAYBORN individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRADER JOE'S COMPANY, THE BOARD OF DIRECTORS OF TRADER JOE'S COMPANY, THE INVESTMENT COMMITTEE, and JOHN DOES 1-30,<br><br>Defendants. | Case No. 2:20-cv-05790 PA-JEM<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:  September 28, 2020<br>Hearing Time:  1:30pm<br>Judge:  Hon. Percy Anderson<br>Courtroom:  9A<br>Action Filed:  June 29, 2020 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This request for judicial notice includes the same judicially noticed documents addressed in the related case of *Marks v. Trader Joe's Company*, and the Court should again take judicial notice of these plan-related documents. In *Marks*, the Court held that "courts regularly take judicial notice of the types of documents at issue here." *Marks v. Trader Joe's Co.*, No. CV-19-10942-PA-(JEMx), 2020 WL 2504333, at *4 (C.D. Cal. Apr. 24, 2020). The Court should hold the same here.

Pursuant to Federal Rule of Evidence 201, Defendants Trader Joe's Company, the Board of Directors of Trader Joe's Company, and the Investment Committee (collectively, "Defendants"), respectfully request that the Court take judicial notice of the documents attached as Exhibits 1 through 7 to the Declaration of Catalina Vergara ("Vergara Decl.") filed in support of Defendants' Motion to Dismiss:

1. Recordkeeping and Administrative Services Agreement between Trader Joe's and Capital Research and Management Company (Ex. 1);
2. Trader Joe's Retirement Plan Form 5500 for the period ending December 31, 2013 (Ex. 2);
3. Trader Joe's Retirement Plan Form 5500 for the period ending December 31, 2014 (Ex. 3);
4. Trader Joe's Retirement Plan Form 5500 for the period ending December 31, 2015 (Ex. 4);
5. Trader Joe's Retirement Plan Form 5500 for the period ending December 31, 2016 (Ex. 5);
6. Trader Joe's Retirement Plan Form 5500 for the period ending December 31, 2017 (Ex. 6); and
7. Trader Joe's Retirement Plan Form 5500 for the period ending December 31, 2018 (Ex. 7).

## II. THE EXHIBITS AT ISSUE WERE JUDICIALLY NOTICED IN *MARKS* AND ARE JUDICIALLY NOTICEABLE IN THIS SUBSTANTIALLY SIMILAR CASE

The documents attached as Exhibits 1 through 7 to the Vergara Declaration satisfy Rule 201's standard for judicial notice. Courts, including this very Court in *Marks*, routinely take judicial notice of similar documents in deciding motions to dismiss.

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to that rule, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (court may take judicial notice of documents that are "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint" on a motion to dismiss), *overruled by statute on other grounds as stated in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006). The Court "must take judicial notice if a party requests it and the Court is supplied with the necessary information." Fed. R. Evid. 201(c).

### A. Recordkeeping and Administrative Services Agreement Between Trader Joe's Company and Capital Research and Management Company (Exhibit 1)

The Capital Group Recordkeeping and Administrative Service Agreement ("Recordkeeping Agreement") is central to Plaintiffs' claims and its authenticity cannot be disputed. Following this Court's decision in *Marks*, the Court should take judicial notice of this agreement. 2020 WL 2504333, at *4.

1    It is common for courts to take judicial notice of plan-related documents central to a plaintiff's ERISA claim. For example, in *Hecker v. Deere & Co.*, the court took judicial notice of summary plan descriptions, supplements, trust agreements, and fund prospectuses on a motion to dismiss. 556 F.3d 575, 582–83 (7th Cir. 2009). District courts sitting in the Ninth Circuit have made similar rulings and taken judicial notice of ERISA plan-related documents. *See, e.g.*, *Marks*, 2020 WL 2504333, at *4; *B.R. v. Beacon Health Options*, No. 16-cv-04576-MEJ, 2017 WL 2351973, at *3 (N.D. Cal. May 31, 2017) ("Because Plaintiffs' claim is predicated entirely on the terms and benefits of the SAG Plan, the Court may consider a document that contains the Plan's terms and benefits even though Plaintiffs do not reference the document in the FAC."); *Wilson v. Edison Int'l, Inc.*, No. LA CV 15-09139-JAK-(PJWx), 2016 WL 7469601, at *6 (C.D. Cal. July 6, 2016) (taking judicial notice of "Plan documents," among others); *Watkins v. Citigroup Ret. Sys.*, No. 15-cv-731-DMS-(NLS), 2015 WL 9581838, at *2 (S.D. Cal. Dec. 30, 2015) (taking judicial notice of an ERISA-related pension plan).

Here, the Court should take judicial notice of the Recordkeeping Agreement as it is central to Plaintiffs' claims, with numerous allegations addressing the recordkeeping fees that are ultimately outlined in that agreement. *See, e.g.*, Compl. ¶¶ 47–48, 80, 100. Not only does the Complaint center on recordkeeping fees, but it also explicitly references the Recordkeeping Agreement and its contents. *Id.* ¶¶ 47–48, 100. The authenticity of the Recordkeeping Agreement cannot reasonably be disputed, and Trader Joe's has submitted a declaration attesting to its accuracy. Vergara Decl. ¶ 3. Like other courts that have taken judicial notice of plan-related documents, including this Court in *Marks*, the Court should take notice of the most central document to Plaintiffs' claims pertaining to recordkeeping fees: the Recordkeeping Agreement governing those fees. *Marks*, 2020 WL 2504333, at *4; *Hecker*, 556 F.3d at 582–83; *B.R.*, 2017 WL 2351973, at *3; *Wilson*, 2016 WL

4                                   REQUEST FOR JUDICIAL NOTICE
                                    2:20-CV-05790 PA-JEM

7469601, at *6; *Watkins*, 2015 WL 9581838, at *2; *Korman*, 915 F. Supp. 2d at 363; *Chambers*, 797 F. Supp. 2d at 1054.

The Court therefore should take judicial notice of the Recordkeeping Agreement.

### B. Form 5500s from 2013–2018 (Exhibits 2 through 7)

The Court should take judicial notice of the Form 5500s spanning the purported class period, like in *Marks*. 2020 WL 2504333, at *4. Under Rule 201, courts routinely take judicial notice of Form 5500s on a motion to dismiss. *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1125 (C.D. Cal. 2015) (taking judicial notice of Form 5500 on a motion to dismiss); *Palmason v. Weyerhaeuser Co.*, No. C 11-0695-RSL, 2013 WL 1788002, at *1 (W.D. Wash. Apr. 26, 2013) (same); *Knight v. Standard Ins. Co.*, No. CIV. 07-1691 WBS EFB, 2008 WL 343852, at *2 (E.D. Cal. Feb. 6, 2008) (same).

The Court here should do the same and take judicial notice of the Form 5500s in Exhibits 2 through 7. They are official documents filed with the Department of the Treasury, Department of Labor, and Pension Benefit Guaranty Corporation. *See* IRS, *Form 5500 Corner* (Last Updated Apr. 23, 2020), https://www.irs.gov/Retirement-Plans/Form-5500-Corner. They are accurate, cannot reasonably be questioned, and are publicly available on the Department of Labor's website. Vergara Decl. ¶¶ 4–9. As such, the Court should take judicial notice of these documents in the same manner as the courts cited above and this Court in *Marks*.

### III. CONCLUSION

For the reasons stated above, the Court should take judicial notice of Exhibits 1 through 7 attached to the Vergara Declaration. The Court has already done so once before in *Marks*, and the same reasoning applies in this related case.

//

//

| | | | |
|---|---|---|---|
| 1 | Dated:  August 31, 2020 | By: | /s/ Catalina Vergara |
| 2 | | | Catalina Vergara |

CATALINA VERGARA
DAWN SESTITO
NOAH ICKOWITZ
O'MELVENY & MYERS LLP
Attorneys for Defendants
TRADER JOE'S COMPANY, THE BOARD OF DIRECTORS OF TRADER JOE'S COMPANY, and THE INVESTMENT COMMITTEE