**FILED**

**NOT FOR PUBLICATION**

APR 15 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD A. KONG; et al.,

    Plaintiffs-Appellants,

v.

TRADER JOE'S COMPANY; et al.,

    Defendants-Appellees.

No. 20-56415

D.C. No.
2:20-cv-05790-PA-JEM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted April 6, 2022
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and McNAMEE,** District Judge.

    Plaintiffs Richard Kong, Robert Cruzalegui, Matthew Heiden, and Cashay Clayborn timely appeal the district court's dismissal of their amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. Reviewing de

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The Honorable Stephen M. McNamee, United States District Judge for the District of Arizona, sitting by designation.

novo, Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018), we reverse and remand.

The district court erred in dismissing Plaintiffs' claim for breach of fiduciary duty. "In determining the contours of an ERISA fiduciary's duty, courts often must look to the law of trusts." Tibble v. Edison Int'l, 575 U.S. 523, 528–29 (2015).

1. Under trust law, "a trustee cannot ignore the power the trust wields to obtain favorable investment products, particularly when those products are substantially identical—other than their lower cost—to products the trustee has already selected." Tibble v. Edison Int'l, 843 F.3d 1187, 1198 (9th Cir. 2016) (en banc). In short, though "the appropriate inquiry will necessarily be context specific[,]" Hughes v. Nw. Univ., 142 S. Ct. 737, 742 (2022), quoting Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409, 425 (2014), "[w]asting beneficiaries' money is imprudent." Tibble, 843 F.3d at 1198 (internal quotation marks omitted).

Here, the operative complaint plausibly alleges a failure to provide cost-effective investments with reasonable fees. Taking the allegations as true, as we must at this stage of the litigation, Defendants Trader Joe's Company, its board of directors, and its executive committee failed to monitor and control the offering of a number of mutual funds in the form of "retail" share classes that carried higher

fees than those charged by otherwise identical "institutional" share classes of the same investments. Except for the extra fees, the share classes were identical. That choice resulted in more than $30,464,538 in extra fees.

Defendants' explanation for the more expensive choice is unavailing at the pleading stage. Though the parties signed a revenue sharing agreement that might provide some explanation for this choice, the agreement shows only what could occur in theory—not what occurred in fact. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).") Thus, drawing every reasonable inference in favor of Plaintiffs, the operative complaint "allege[s] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" In re Century Aluminum Co. Sec. Litig., 729 F.3d 1104, 1108 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

2. In addition, fiduciaries must discharge their plan-related duties "for the exclusive purpose of . . . providing benefits to participants and their beneficiaries; and . . . defraying reasonable expenses of administering the plan." 29 U.S.C.

§ 1104(a)(1)(A). Taking all the allegations as true, Defendants did not act with the purpose of defraying <u>reasonable</u> administrative expenses.

    3. For the forgoing reasons, the district court also erred in dismissing the claim for breach of the fiduciary duty to monitor.

**REVERSED AND REMANDED.**